(20 Misc. Rep. 259.)

### KENNETT v. HOPKINS et al.

(Supreme Court, Special Term, New York County. May, 1897.)

ACCOUNTING—REFERENCE.

In an action for a partnership accounting after voluntary dissolution, it appeared that business was transacted by the parties under the same firm name, both in New York and Chicago, but there was a dispute as to whether there were two firms. Plaintiff, who had charge of the Chicago office, asserted that defendant H., who had charge of the New York office, had used for his own purposes stocks forwarded from Chicago for customers, for which the Chicago office was liable, and that H. claimed to have made advances in liquidating the New York business to an amount sufficient to absorb the entire capital thereof, all of which had been contributed by plaintiff. H. claimed that he and plaintiff were the sole owners of the business; that the other defendants were not partners, but were employés, and were compensated by a percentage of the business; that the New York concern credited plaintiff's share of the profits to the Chicago concern, which in turn credited plaintiff therewith on its books. It was not claimed that any persons other than plaintiff and H. would be liable in case of a deficiency of assets, nor were any rights of creditors involved. *Held,* that it was not necessary to decide whether there were two firms, but that a reference would be ordered to take and state the accounts between the parties.

Action by Francis J. Kennett against George B. Hopkins and others for an accounting. Reference ordered.

Saunders, Webb & Worcester, for plaintiff.
Lord, Day & Lord, for defendants.

RUSSELL, J. The plaintiff seeks an accounting, injunction, and receiver to close up partnership dealings of large magnitude after

a voluntary dissolution. The real controversy lies between the plaintiff and the defendant Hopkins. Up to the 30th day of April, 1896, for some years previously, they were the real partners in the stock-broking firm of Kennett, Hopkins & Co., whatever the interest of other persons in the business of the firm by way of a profit participation. The business was carried on under the name of Kennett, Hopkins & Co., by Kennett and Hopkins, both at New York and Chicago; the plaintiff claiming that there were two firms, one in New York and one in Chicago, and the defendant Hopkins claiming that there was but one firm, with two offices. Acting on his position, the plaintiff begins the action for the settlement of the affairs of the New York firm alone, while the defendant Hopkins insists, if there is any settlement, there shall be one embracing both the business at Chicago and New York.

The business of the firm of Kennett, Hopkins & Co., both at Chicago and New York, ceased being transacted under that firm name by voluntary agreement on the 30th of April, 1896, the plaintiff, Kennett, being a resident of Chicago, liquidating the Chicago business, and the defendant Hopkins, a resident of New York, liquidating the New York business. It is claimed by the plaintiff that during the summer of 1896, upon investigation of the pending liquidation of the New York business, stocks forwarded from Chicago by the firm there for customers were held by the defendant Hopkins or his pledgees for loans obtained by Hopkins, which would compel the Chicago firm to make good to the customers in Chicago the stock so deposited with the Chicago firm and forwarded to New York; and that, while the current reports from Hopkins to Chicago, during the years of the partnership business in New York, showed uniform profits, it was claimed in the liquidation of the business by Hopkins that he had made advances sufficient to destroy the prospect of any anticipated remaining profits, and to practically absorb the capital of over $200,-000 furnished by Kennett, which was the sole capital, as claimed by the plaintiff, which went into the New York firm. It is, on the other hand, claimed by the defendant Hopkins that he and Kennett were the only real persons in the business, either at Chicago or New York; that Harris and Scotten were employed in the Chicago business upon agreement to receive a percentage of the profits for their services, and Terry was employed in New York upon a similar basis; that Kennett's share of the profits of the New York firm were credited to the Chicago firm on the New York books, and charged to profit and loss there, and that the Chicago firm credited on their books to Kennett the amount of such profits so that he could draw the same at the Chicago end of the business; that it was necessary to keep separate books at New York and Chicago for accuracy of business transactions and accounts, as each business was managed by a different head, and for convenience of business it was necessary to keep the accounts of the customers for each branch in the books of the particular branch with which those customers dealt.

In the view that I have taken of the questions which must be solved by the interlocutory judgment, it is, perhaps, not very material to definitely decide whether there were two distinct firms, or

one firm doing business in two different places. Neither the plaintiff nor the defendant Hopkins claims that the other persons associated with them, either at Chicago or New York, are responsible for any deficiency of the assets so as to make them liable to contribute for losses. The only investigation as to the claims of these other parties associated in business with Kennett or Hopkins which is here required are the amounts coming to them, if any, from the profits of the branch with which they respectively have been connected. Nor is there any liability to be determined in this action in favor of creditors, except so far as claims of creditors diminished the amount of capital and profits of the plaintiff or the defendant Hopkins, or both, they being concededly solvent, and able to pay all demands of creditors, if there should be a deficiency of assets, which is not probable. Therefore the question need not be solved as to whether the associates of Kennett and Hopkins, either at Chicago or in New York, are liable for the claims of third parties; and the sole financial questions to be reached by the final judgment are the amounts which either Kennett or Hopkins shall have of the assets, the extent of the lien of either upon those assets, or the amount which either shall pay to the other as the result of the accounting. Whether they were, before the dissolution, partners in one single firm or partners in two firms doing business with each other, each interested in the profits and losses of both firms, the result is the same, so far as the purposes of this action are concerned. They are no longer partners at all, but part owners of the remaining partnership property of both firms, and both having claims upon the assets of one, if not both. It is impossible for the court to foresee from the evidence which has been taken what the result of an accounting would be; and if the defendant Hopkins owes the plaintiff, Kennett, a balance for his residue of profits of capital in the New York business which has been more than absorbed by the excess of Kennett's receipts from Chicago business over and above his interest, it would be unjust to award in this litigation between two partners confessedly interested in what had been partnership assets both at New York and Chicago, a sum or share of the New York assets more than he was justly entitled to, leaving his deficiency of receipts in the Chicago business unaccounted for.

Again, the plaintiff makes a serious claim, well worthy of investigation, as to the use of the assets of the Chicago firm, or those deposited with the Chicago firm by Chicago customers at the New York office, and that inquiry must be followed in the accounting to be had here. If the result of that inquiry should show that Hopkins had to account to Kennett for the full amount of such stocks on the rounding up of the whole of the equities of the partners, the plaintiff's claim would be amply sustained in respect to his right of eventual recovery; but if the investigation should disclose that the Chicago business had satisfied such claims, so far as Hopkins' proportionate share is concerned, the result might be quite different. I regard the business of the two men, who are the real parties to this litigation in Chicago and New York, as so dependently connected as to necessitate such an accounting as will disclose what is justly due

from one to the other, or what share each should have in the remaining assets in the city of New York. Hence I regard the technical question as to the separation of the firm into two distinct partnerships as an abstract one, not requiring solution here for any practical result.

As there has been a temporary injunction and receiver in this litigation it is not necessary to dispose of the prayer for an injunction and receiver until the final judgment in this action be rendered after the accounting has been had, and the liability of the respective parties determined. The question of costs should also be reserved until it can be decided by a court with a wider view of the merits. Judgment is therefore directed for a reference to take and state an accounting in accordance with the views expressed in this opinion.

Ordered accordingly.